UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>D. MADSEN,<br><br>　　　　　Defendant. | Case No. 1:18-cv-00297-AWI-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR REALTIME COMPUTER SERVICE AND CO-COUNSEL<br><br>(ECF NO. 32) |

Mychal Reed ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action.

On January 25, 2019, Plaintiff filed a motion for realtime computer service, a laptop, and co-counsel for the upcoming settlement conference. (ECF No. 32). Given Plaintiff's allegation that he is deaf/hearing impaired, the Court will provide Communication Access Real-time Translation services. Plaintiff will not be provided with a laptop for his personal use, but he will be provided with a method for viewing text at the settlement conference.

As to Plaintiff's request for co-counsel, that request will be denied. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109

S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claim.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that:

1. Plaintiff's motion for realtime computer service and co-counsel is granted in part;
2. The Court will provide Communication Access Real-time Translation services for Plaintiff at the upcoming settlement conference; and
3. Plaintiff's request for pro bono co-counsel is denied without prejudice.

IT IS SO ORDERED.

Dated: **January 30, 2019**    /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE

2