UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MYCHAL REED,

          Plaintiff,

    v.

D. MADSEN,

          Defendant.

Case No. 1:18-cv-00297-AWI-EPG (PC)

FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION TO WITHDRAW HIS SETTLEMENT AGREEMENT WITH DEFENDANT BE DENIED

(ECF No. 53)

OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS

Mychal Reed ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case was closed on April 2, 2019 (ECF No. 52), based on a stipulation for voluntary dismissal with prejudice, which was filed on April 2, 2019 (ECF No. 51).  Now before the Court is Plaintiff's Motion to Withdraw His Settlement Agreement with Defendant.  (ECF No. 53).

I.    **Plaintiff's Motion to Withdraw from the Settlement Agreement**

Plaintiff asks to withdraw from the settlement agreement because his decision was made "in haste while under duress without being given ample time to thoroughly view its contents (Plaintiff was basically threatened by a prison official to hurry up and sign said document, after he requested one day to review its contents)."  (ECF No. 53, p. 1).  Additionally, the agreement contained the wrong social security number.  Plaintiff alleges that Defendant purposely placed the wrong social security number on the document to prevent him from accessing settlement

funds. Plaintiff also states: "Plaintiff in [sic] unaware of actual court costs to discern whether settlement agreement is sufficient or satisfactory." (Id. at 2). Based on these allegations, Plaintiff alleges that Defendant did not make a good faith attempt to settle the dispute.

Plaintiff also alleges that he was "placed in the 'hole' . . . and made to stand in the freezing cold for 2 hours after he ask [sic] why all other 'over-night' transfers were transfered [sic] to the actual prison they were designated." (Id. at 3). Plaintiff concludes by stating that "Plaintiff withdraws from his settlement agreement with Defendant and wants to discuss matters at the scheduled 4/8/19 conference." (Id.).

Defendants filed an opposition on April 25, 2019. (ECF No. 58). Defendants argue that Plaintiff is not legally entitled to withdraw from the settlement agreement. He has not asserted any mistake or other legal basis to withdraw from the settlement agreement. Defendants also provide additional facts, supported by relevant exhibits, to provide fuller context to the settlement agreement:

> Counsel for Lieutenant Madsen drove to Valley State Prison to meet with Reed in advance of the Court-assisted settlement conference. (Ganson Decl. ¶ 2.) The parties discussed the litigation and upcoming conference but did not reach an agreement at that time. (Id.) Later that week, the parties participated in mediation before Magistrate Judge McAuliffe at the courthouse in Fresno, but again did not settle the action. (Minute Order, ECF No. 41.)
>
> Reed subsequently sent a settlement demand to opposing counsel. (Pl. Demand, ECF No. 50.) Counsel responded with a counteroffer that largely mirrored Reed's demand and was more favorable than the relief Reed demanded in the Complaint, and provided documents for Reed's signature should he choose to accept the offer. (Ganson Decl. ¶ 6 and Ex. A.) Reed accepted the counteroffer by signing the settlement agreement, stipulation for voluntary dismissal, and the Payee Data Record (PDR), which CDCR uses to process the settlement payment. (Id. at Ex. A, pp. A005–06; Stip. Vol. Dismiss. Prejudice, ECF No. 51)
>
> The PDR had been pre-filled in to list a social security number based on Reed's prison records, but Reed hand-wrote in a different social security number directly above the typed number and signed the document. (Ganson Decl. ¶ 8 and Ex. A, p. A006.) Defendant's counsel attempted to defer to the number Reed provided, crossed out the pre-filled in number, and sought to have Reed initial the form where he had added the social-security so that the form could be processed. (Id.) Reed refused to do so and later speculated that counsel had purposely provided an incorrect social-security number in an effort to somehow preclude the payment from reaching him. (Pl. Mot. Withdraw Settlement, ECF No. 53.) The evidence

shows that counsel acted in good-faith, albeit possibly provided an incorrect number, and attempted to defer to the number Reed provided. (Ganson Decl. ¶ 8.)

(ECF NO. 58, at p. 5-6).

Plaintiff filed a reply on May 3, 2019. (ECF No. 59). He takes issue with Defendants' account of the social security number, saying he did not write in his social security number. He also questions why he was transferred to "the hole" instead of to Court if prison personnel were only responding to the writ.

## II.    Legal Standards

Once a party enters into a binding settlement agreement, that party cannot unliterally decide to back out of the agreement. See, e.g., Doi v. Halekulani Corporation, 276 F.3d 1131, 1131 (9th Cir. 2002); Spitzer v. Aljoe, 734 F. App'x 457 (9th Cir. 2018); Gastile v. Virga, 2015 WL 13065433, at *2 (E.D. Cal. Feb. 10, 2015), report and recommendation adopted, 2015 WL 13065220 (E.D. Cal. June 10, 2015), aff'd, 670 F. App'x 526 (9th Cir. 2016). "At a time where the resources of the federal judiciary… are strained to the breaking point, we cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits [him]. The courts spend enough time on the merits of litigation; we need not (and therefore ought not) open the flood gates to this kind of needless satellite litigation." Doi, 276 F.3d at 1141.

However, under California law, a party can rescind a contract if his consent "was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689.

"One seeking rescission on account of fraud must be actually deceived by misrepresentation of a *material fact* and the other party must have intended to deceive by a misrepresentation of such *material fact*. Further, the party seeking to rescind must rely upon the fraudulent representation to his injury and damage before he can have the contract rescinded." Contra Costa Cty. Title Co. v. Waloff, 184 Cal. App. 2d 59, 65 (Ct. App. 1960)

(emphasis added).  See also Dyke v. Zaiser, 80 Cal. App. 2d 639, 650 (1947) ("If one *material* statement be false it is sufficient ground for rescission.") (emphasis added).

Under Federal Rule of Civil Procedure 60(b)(6), the district court is permitted to relieve Plaintiff "from a final judgment, order, or proceeding for . . .any . . . reason that justifies relief."  "Generally, only 'extraordinary circumstances' justify relief under the rule."  Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162, 937 F.2d 408, 410 (9th Cir. 1991) (quoting United States v. Sparks, 685 F.2d 1128, 1129 (9th Cir.1982)).  "Repudiation of a settlement agreement that terminated litigation pending before a court constitutes an extraordinary circumstance, and it justifies vacating the court's prior dismissal order."  Keeling, 937 F.2d at 410.

## III.   Analysis

The Court recommends denying Plaintiff's motion to withdraw from the settlement agreement.  Plaintiff has not alleged facts that establish he gave his consent through "duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party."  Cal. Civ. Code § 1689.  Although he claims that he was rushed into signing the agreement, this does not constitute duress.  Moreover, the entire process of settlement shows that no such duress occurred.  Plaintiff attended a formal settlement conference with Magistrate Judge Barbara A. McAuliffe.  Although the case did not settle at that time, the parties engaged in a full discussion with the assistance of the Magistrate Judge.  The parties then exchanged written offers of settlement, which finally resulted in an agreement.  While signing the final paperwork may have been rushed, the material terms underlying that agreement were not.

Plaintiff also does not claim that he had any material misunderstanding or reliance on any false statement.  Plaintiff states that the social security number that was put on the payee data record was incorrect, and it is not clear to the Court whether the payee data record currently has the correct number.  But in any event, this form is not a material portion of the settlement agreement in that it is merely an administrative form required to process the payment.  Defendant represents that Plaintiff may submit a revised form if the information

remains incorrect.  Plaintiff does not claim that information on that form was in any way material to his decision to enter into the settlement agreement.

It appears that Plaintiff's dissatisfaction arises from events that happened after he signed the settlement agreement.  Notwithstanding the agreement, Plaintiff was transferred to another prison where he was kept in, what he calls, "the hole."  Defendant claims that this transfer occurred as part of the writ to attend a court conference that could not be rescinded in time.  The timeline of events supports Defendant's account.  Nevertheless, these events do not support Plaintiff's decision to withdraw from the agreement.  If Plaintiff believes that he suffered retaliation after settling his case, it is possible Plaintiff could file a grievance or additional lawsuit based on this conduct.[1]  But Plaintiff's treatment by non-defendant prison officials after Plaintiff signed the settlement agreement does not provide a legal basis to withdraw from the settlement agreement with Defendant.  Accordingly, Plaintiff has not established extraordinary circumstances justifying relief from the Court's order closing the case pursuant to the stipulation of voluntary dismissal.

**IV.    Conclusion and Recommendation**

Accordingly, for the reasons detailed herein, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Withdraw from the Settlement Agreement (ECF No. 53) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.

\\\

\\\

\\\

\\\

---

[1] The Court is not taking a position on the merits of such a case, or whether Plaintiff's description of events would support a legal claim.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**May 31, 2019**__                    ___/s/_____
                                              UNITED STATES MAGISTRATE JUDGE